UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PROVIDENT HEALTHCARE
CAPITAL, LLC,

    *Plaintiff-Counterclaim Defendant*,          24 Civ. 9493 (KPF)

    v.

REVERE CAPITAL ADVISORS, LLC,

    *Defendant-Counterclaim Plaintiff.*
------------------------------------------------------------x

## CONFIDENTIALTY STIPULATION AND PROTECTIVE ORDER

    Plaintiff and Counterclaim Defendant Provident Healthcare Capital, LLC ("Provident") and Defendant and Counterclaim Plaintiff Revere Capital Advisors, LLC ("Revere") (together, the "Parties"), by and through their respective counsel, hereby stipulate and agree to the terms of this Confidentiality Stipulation and Protective Order (the "Protective Order").

    IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    Counsel for any party may designate any Confidential Information as "ATTORNEY'S EYES ONLY" if the material contains extremely sensitive trade secrets or commercial information, such as pricing, product development, profits, the identities of a party's customers and suppliers, and future marketing strategies, that if disclosed to persons other than the attorneys for the person receiving such material would likely result

1

in serious competitive or other harm that could not be avoided by less restrictive means.

      3.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

      4.      In the event a party challenges another party's designation of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", counsel shall make a good faith effort to resolve the dispute. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C)(ii) of this Court's Individual Rules of Practice in Civil Cases (the "Individual Rules").  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

      5.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.      The requesting party and counsel, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

      d.      Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided, if such person does not fit within one of the other listed categories, such person has first executed an agreement to be bound by this Order in the form annexed as Exhibit A hereto;

   e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   f. Stenographers engaged to transcribe depositions of the Parties conduct in this action; and

   g. The Court (including any mediator or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Documents designated as "ATTORNEY'S EYES ONLY" shall not be disclosed to any person, except:

   a. Counsel of record for the respective parties to this litigation, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   b. Any person retained by a party to serve as an expert witness or otherwise provide specialized advise to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

   c. The Court and its support personnel.

7. Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraph 5(c), 5(d) or 6(b) above, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the

3

      information or documents by the person for any purpose other than this litigation and has enjoined the disclosure of the information or documents to anyone other than the person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

  8. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Protective Order.

  9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

  10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. In the event a party wishes to file any discovery material designated as "ATTORNEY'S EYES ONLY" with the Court, or disclose, reference, summarize, or quote any "ATTORNEY'S EYES ONLY" material in any pleadings, motions or other papers filed with the Court, such party shall comply with the individual rules of the District Court Judge, and the Court's ECF Rules & Instructions and seek to file such documents under seal with the Clerk of the Court.

12. If a party discloses information in connection with this action that the party thereafter claims to be protected by the attorney-client privilege, the work- product doctrine or protection, or any other applicable privilege, protection, or immunity from discovery that otherwise would apply in this or any other action, arbitration, mediation, or court or agency proceeding (hereinafter referred to as "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any federal, state, arbitration, or other proceeding—of any claim of privilege or protection of any kind that the producing party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

13. Upon discovery of the inadvertent production of Privileged Information, the producing party must promptly notify the receiving party in writing that it has disclosed the

5

Privileged Information without intending a waiver by the disclosure. The notification shall include as specific an explanation as possible why the Privileged Information is covered by the attorney-client privilege and/or any other applicable privilege and/or constitutes work-product. Upon receipt of notice, the receiving party shall promptly notify the producing party that it will take reasonable efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has, or seek relief as provided in the following paragraph. Where applicable, the receiving party will identify, in writing the persons or entities that have received copies of the information/documents subject to producing party's inadvertent production, identify the facts surrounding the sharing of those materials, and describe its best efforts to retrieve those materials in its affirmation of compliance. Any use of the identified inadvertent disclosures prior to receipt of the producing party's notice is not a violation of this Protective Order but may be subject to the provisions of the ESI Stipulation and Order.

14. Where the inadvertent disclosure is in the form of a disc or access to a password-protected server, the Producing Party must replace, upon receipt of intent to comply with the Notice, a replacement of the production containing all documents/information but for those identified in the Notice.

15. If the receiving party contests the claim of attorney-client privilege or other privilege or protection, the receiving party must move the Court for an order finding that the material referenced in the notification does not constitute Privileged Information. The party shall request to file this motion under seal. The motion cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Privileged Information. Pending resolution of the motion, the receiving party must not use the challenged

information in any way or disclose it to any person other than those required to be served with a copy of the sealed motion.

16.     A receiving party is under a good-faith obligation to notify the producing party upon identification of a document which reasonably appears on its face or in light of facts known to the receiving party to be potentially privileged. Such notification shall not waive the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document. Failure by the receiving party to notify the producing party under this Paragraph where the receiving party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order. Subsequent to notification by the receiving party, the producing party shall provide notice to the receiving party within a reasonable time of notification if the producing party believes the document to be Privileged Information.

17.     The producing party retains the burden—upon challenge pursuant to Paragraph 13—of establishing the privileged or protected nature of the Privileged Information.

18.     Nothing in this Protective Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

19.     The Parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged Information. Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), such production shall not constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.

20.     Nothing herein shall preclude the Parties from disclosing material designated to

be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: April 25, 2025

<div style="display: flex;">

*/s/ Michael Paris*
Glen Lenihan, Esq.
Jonathan A. Lynn, Esq.
OVED & OVED LLP
401 Greenwich Street
New York, NY 10013
Tel.: (212) 226-2700
glenihan@oved.com
jlynn@oved.com

Michael Paris, Esq. (*pro hac vice*)
Kileigh Stranahan, Esq. (*pro hac vice*)
NYSTROM BECKMAN & PARIS LLP
One Marina Park Drive, 15th Fl.
Boston, Massachusetts 02210
Tel.: (617) 778-9100
mparis@nbparis.com
kstranahan@nbparis.com

*Counsel for Plaintiff-Counterclaim Defendant
Provident Healthcare Capital, LLC*

</div>

*/s/ Joseph Gallagher*
Joseph Gallagher
HARRIS ST. LAURENT & WECHSLER LLP
40 Wall Street, 53rd Floor
New York, New York 10005
Tel.: (917) 512-9464
jgallagher@hs-law.com

*Counsel for Defendant-Counterclaim Plaintiff
Revere Capital Advisors, LLC*

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.

Dated:     April 28, 2025            SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE